**RODNEY S. DIGGS** (State Bar No. 274459)
rdiggs@imwlaw.com
**YALDA PAYDAR** (State Bar N0. 326081)
ypaydar@imwlaw.com
**IVIE, McNEILL, WYATT, PURCELL & DIGGS**
444 S. Flower Street, Suite 1800
Los Angeles, California 90071
Tel.    (213) 489-0028
Fax     (213) 489-0552

Attorneys for Plaintiff
Nathan Jolley

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN JOLLEY<br><br>*Plaintiff*<br><br>vs.<br><br>KARIM KARBOUCH, an individual pka FRENCH MONTANA, BARUCH NEMBHARD, an individual pka MIXX, ASHTON VINES and SONY MUSIC ENTERTAINMENT, INC., a Delaware corporation<br><br>*Defendants.* | CASE NO.:  2:20-cv-6666<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Copyright Infringement-Reproduction, Distribution and Sale-17 U.S.C. § 501, et seq.**<br>2. **Unjust Enrichment**<br>3. **Intentional Interference with Prospective Economic Advantage**<br>4. **Declaratory Judgment**<br>5. **Accounting**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff NATHAN JOLLEY (hereinafter referred to alternatively as "the Plaintiff", "Nate 'Impact' Jolley," or simply "IMPACT") hereby states, complains and alleges as follows:

## NATURE OF CASE

1.      This is an action for copyright infringement under Title 17 of the United States Code (commonly referred to as the Copyright Act of 1976), with pendent claims for breach of implied contract, unjust enrichment, intentional

1

interference with prospective economic advantage, declaratory judgment and accounting. Plaintiff seeks actual damages, Defendants' profits, and/or statutory damages, and an award of attorneys' fees and costs, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b). This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with the State of California, Defendants regularly conduct business in Los Angeles, California, and Defendants committed the infringing and other tortious conduct underlying Plaintiff's claims in this judicial district.

4. Venue is proper in the United States District Court for the District of California under 28 U.S.C. §§ 1391(b) & (c) and 1400. Venue lies in the unofficial Central division of this Court.

## PARTIES

5. Plaintiff IMPACT is an individual person who is, and at all times pertinent hereto has been domiciled in the State of California and doing business in the County of Los Angeles as the proprietor and managing member of Lion Pack Music Group, LLC (hereinafter "LION PACK").

6. Defendant Karim Kharbouch (hereinafter "FRENCH MONTANA") is an individual person who is, at all times relevant hereto, engaged in the business of music performance and recording in the County of Los Angeles and worldwide.

7. Defendant BARUCH NEMBHARD, (hereinafter "MIXX") is an individual person who is, at all times relevant hereto was, domiciled in the County of Los Angeles.

8. Defendant ASHTON VINES (hereinafter "VINES") is an individual

person who is, at all times relevant hereto was, domiciled in the County of Los Angeles.

9.      Defendant SONY MUSIC ENTERTAINMENT (hereinafter "SONY") is a corporation and subsidiary of Sony Corporation of America, Inc., which is, and at all times pertinent hereto was engaged in the business of producing and offering music and entertainment products across a wide spectrum of media to consumers in the County of Los Angeles and worldwide.

## GENERAL ALLEGATIONS

10.     Plaintiff, NATE "IMPACT" JOLLEY, is an internationally renowned record producer, musician, song writer, and Stellar nominated producer who has produced songs for major artists such as Shahadi Wright Joseph, Kenny Lattimore, Fifth Harmony, Austin Mahone, Mya and King Los.

11.     On September 28, 2018, the Plaintiff began composing and recording the musical soundtrack he would subsequently entitle "Mixx/Impact/Ashton" (hereinafter referred to as "Mixx/Impact/Ashton") at his Lion Pack recording studio located at 116 North Maryland Avenue, in Glendale, California.

12.     At approximately 3:42 a.m., on September 28, 2018, the Defendant Mixx, who was at that time employed by the Plaintiff as his recording engineer, arrived at the Lion Pack studio and began assisting with the recording of the Plaintiff's composition.

13.     Also present at the Lion Pack studio when Defendant Mixx arrived, was Defendant Vines, who was at that time working as the Plaintiff's intern.

14.     After all of the essential elements of the composition, including the melody had been recorded, the Plaintiff departed the Lion Pack studio, leaving Defendant's Mixx and Vines to complete mixing the track.

15.     At approximately 7:42 a.m., on September 28, 2018, Defendant Mixx emailed the completed "Mixx/Impact/Ashton" soundtrack, in the form of an MP3 file, to the Plaintiff, along with other tracks that the Plaintiff had been working on

prior to leaving the studio.

16.     On November 6, 2018, Defendant Vines also emailed the Plaintiff the same tracks that Defendant Mixx had e-mailed to him (the Plaintiff) on September 28, 2018, with the Plaintiff's name listed as "music producer" plus two new tracks Defendant's Mixx and Vines had collaborated on.

17.     Due to concerns unrelated to the creation of Mixx/Impact/Ashton, the Plaintiff terminated Defendant Vines' internship on December 18, 2018.

18.     Upon information and belief, sometime after Defendant Vines' internship was terminated, Defendants Vines and Mixx formed a working partnership for the purpose of producing music recordings.

19.     Upon information and belief, sometime after Mixx/Impact/Ashton was recorded, Defendant Mixx began working as a sound engineer for the recording artist Karim Kharbouch, professionally known and hereinafter referred to as "French Montana".

20.     Upon information and belief, without the knowledge, permission or consent of Plaintiff, Defendants Mixx and Vines delivered Mixx/Impact/Ashton to Defendant French Montana.

21.     Defendant French Montana used the sound recording of "Mixx/Impact/ Ashton," in its entirety, as the musical soundtrack for his song "Slide".

22.     Defendant Sony released the recording of the song "Slide" to the buying public on April 18, 2019, giving credits to Defendants Mixx, Vines and French Montana as songwriters and producers but giving no credit to the Plaintiff as either a songwriter or a producer.

23.     Upon information and belief, Defendants Vines, Mixx and French Montana received advances from the performance rights organization Broadcast Music Incorporated (BMI) and producer fees from the Defendant Sony for their contributions to the song "Slide."

24. Upon information and belief, "Slide" achieved commercial success in the United States, Canada, New Zealand and the United Kingdom and was certified gold by the Recording Industry Association of America (RIAA) and by Music Canada.

25. Despite its commercial success domestically and abroad, to date, the Plaintiff has not received any advances or any royalties from either streaming or sale of hard units of the song "Slide".

## FIRST CAUSE OF ACTION
## Copyright Infringement – Reproduction, Distribution and Sale – 17 U.S.C. § 501, et seq.
### (Against Defendants MIXX, VINES and FRENCH MONTANA)

26. Plaintiff reallege paragraphs 1-25 inclusive of this Complaint as though set forth in full herein.

27. The sound recording "Mixx/Impact/Ashton" constitutes copyrightable subject matter because it is a musical work and sound recordings within the meaning of Title 17 U.S. Code Sections 102(a)(2) and (7).

28. Plaintiff is the registered owner of the copyrights on "Mixx/Impact/Ashton" under Registration Number SR0000857623, registered on October 1, 2019.

29. "Mixx/Impact/Ashton" was created on September 28, 2018 by the Plaintiff in his own right with the assistance of from Defendants Mixx and Vines, who were, at the time, employees of the Plaintiff and whose respective contributions were therefore "works made for hire" within the meaning of Title 17 U.S. Code Section 201(b).

30. At some time between December 18, 2018 and April 18, 2019, Defendant Mixx and/or Defendant Vines delivered a copy of the "Mixx/Impact/Ashton" sound recording to Defendant French Montana without the prior knowledge, permission or consent of the Plaintiff.

31.     On or about April 18, 2019, Defendant French Montana released his recording of the song "Slide" on the Epic Record label, a subsidiary of the Defendant Sony.

32.     The song "Slide" embodied, in its entirety, "Mixx/Impact/Ashton" as its musical soundtrack.

33.     After its release on April 18, 2019, Defendant Sony proceeded to market, distribute and sell copies and/or streams of the song "Slide" domestically and worldwide.

34.     Neither Defendant Mixx, nor Defendant Vines, nor Defendant French Montana, nor Defendant Sony, nor any of their agents or representatives received the permission or consent of the Plaintiff to include the "Mixx/Impact/Ashton" soundtrack on the recording of "Slide" before or since "Slide" was released.

35.     As the direct and proximate result of Defendants' violations of Plaintiff's copyrights, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

36.     Plaintiff is entitled to injunctive relief and an award of statutory damages for Defendants' infringement, or, in the alternative, Plaintiff's actual damages and Defendants' profits.

37.     Plaintiff is further entitled to their attorney's fees and full costs pursuant to l7 U.S.C. §505.

## SECOND CAUSE OF ACTION
### Unjust Enrichment
### (Against Defendants MIXX and Vines)

38.     Plaintiff reallege paragraphs 1-37 inclusive of this Complaint as though set forth in full herein.

39.     The Plaintiff was the creator of the concept, the melody and most of the creative content of Mixx/Impact/Ashton.

40.     The contribution of Defendant Mixx, as the Plaintiff's sound engineer

who was left to finish the mixing of Mixx/Impact/Ashton, on the morning of September 18, 2018, was a "work made for hire" within the meaning of Title 17 U.S. Code Section 201(b).

41. The contribution of Defendant Vines, as an intern of the Plaintiff who was receiving training in the music industry at the expense of the Plaintiff, and who was left to assist Defendant Mixx in finishing the mixing of Mixx/Impact/Ashton, on the morning of September 18, 2018, was a "work made for hire" within the meaning of Title 17 U.S. Code Section 201(b).

42. The Defendants Mixx and Vines were and continue to be unjustly enriched by advances and royalties as well as the long range pecuniary benefits accruing from their names being associated with a work of commercial success that should have been and should be being paid to the Plaintiff for his musical contribution to the recording "Slide".

43. As a direct result of the Defendants' unjust enrichment, the Plaintiff has suffered and will continue to suffer in the future, monetary losses in direct proportion to the Defendants' level of unjust enrichment and is therefore entitled to be compensated by the Defendants commensurate with those losses.

## THIRD CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage
### (Against Defendants MIXX and VINES)

44. Plaintiff re-allege paragraphs 1-43 inclusive of this Complaint as though set forth in full herein.

45. Defendants Mixx and Vines, at all times relevant hereto, were both personally knowledgeable of the fact that neither of them had any right to claim the copyright to Mixx/Impact/Ashton.

46. Defendants Mixx and Vines, at all times relevant hereto, were both personally knowledgeable of the fact that neither of them had any right to receive any pecuniary benefits from the marketing, distribution and/or sales of

Mixx/Impact/Ashton except as specifically assigned to them by the Plaintiff.

47. At no time has the Plaintiff assigned any of his copyright in Mixx/Impact/Ashton to either Defendant Mixx or Defendant Vines.

48. On information and belief, Defendant Mixx and/or Defendant Vines falsely represented to Defendant French Montana and/or Defendant Sony that one or both of them (Mixx and Vines) owned the copyright to Mixx/Impact/Ashton.

49. Based on the intentional false representation referred to in Paragraph 45, above, Defendant Mixx and/or Defendant Vines unjustifiably caused monetary advances and royalties from the marketing, distribution and sales of "Slide" to be diverted from the Plaintiff to Defendant Mixx and/or Defendant Vines.

50. Because of the false representation referred to in Paragraph 45, above, the Plaintiff's name does not appear on the listing of writers or producers who are credited with having contributed to the creation of "Slide".

51. The omission of the Plaintiff's name from the listing of writers or producers who contributed to the creation of "Slide" has interfered with the prospective economic advantage that would have reasonably been expected to adhere to the benefit of the Plaintiff had he been able to advertise and promote the fact that "Slide" was recorded to his musical soundtrack.

## FOURTH CAUSE OF ACTION
### Declaratory Judgment
### (Against Defendants French Montana and Sony)

52. Plaintiff re-allege paragraphs 1-51 inclusive of this Complaint as though set forth in full herein.

53. The Plaintiff relies on his reputation as a successful songwriter and producer to generate his livelihood.

54. The commercial and artistic success of "Slide" is largely predicated on the quality and appeal of its soundtrack which is the Plaintiff's copyrighted composition "Mixx/Impact/Ashton".

55. The Plaintiff rightfully should be able to hold out his contribution to "Slide" as further evidence of his skills as a songwriter and producer.

56. The Plaintiff, based on his creative contribution and the fact that he is the copyright claimant of the soundtrack "Mixx/Impact/Ashton" is entitled to be acknowledged and listed as one of the writers and one of the producers of "Slide" and all derivatives thereof.

## FIFTH CAUSE OF ACTION
## Accounting
## (Against All Defendants)

57. Plaintiff re-allege paragraphs 1-56 inclusive of this Complaint as though set forth in full herein.

58. Under the causes of action as set forth herein, Plaintiff may recover any and all profits of Defendants that are attributable to their misappropriation and conversion of Plaintiff's ideas and property.

59. On Information and belief, Defendants have commercially exploited "Mixx/Impact/Ashton" and derivatives thereof, and have received money which rightfully belongs to Plaintiff.

60. The amount of money due to Plaintiff from the Defendants is unknown to Plaintiffs and cannot be ascertained without an accounting of the revenues and expenses of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

1. That Defendants Mixx, Vines and French Montana be required to pay to Plaintiff such actual damages as they have sustained as a result of Defendants' copyright infringement pursuant to 17 U.S.C. §504(b);

2. That all Defendants be required to pay to the Plaintiff such statutory damages as shall appear just to the Court within the provisions of the Copyright

Act in a sum not less than $750.00 nor more than $30,000 per copyright, pursuant to 17 U.S.C. §504(c);

3. That Defendants Mixx and Vines be required to pay Plaintiff an increase in the award of statutory damages in a sum up to and including $150,000 per copyrighted work, due to Defendant's willful infringement pursuant to 17 U.S.C. §504(c)(2);

4. That all Defendants be required to account for and disgorge to Plaintiff all gains, profits, and advantages derived by Defendants' copyright infringement pursuant to 17 U.S.C. 504(b);

5. That all Defendants, and their agents, employees and servants be enjoined during the pendency of this action and permanently from infringing Plaintiff's copyrights and other proprietary in any manner, and from publishing, selling, marketing, distributing, broadcasting or otherwise disposing of or performing "Mixx/Impact/Ashton" or any materials derived there from that include any portion of the infringed sound recording, including but not limited to "Slide";

6. That Defendants Mixx, Vines and French Montana pay to Plaintiff the costs of this action together with reasonable attorney's fees to be allowed to Plaintiff by this Court pursuant to 17 U.S.C. § 505;

7. For an accounting between all Defendants and Plaintiff;

8. For payment by Defendants to Plaintiff of the amount due from Defendants as a result of the account.

9. That Defendants Sony and French Montana be ordered recall all tangible copies of the song "Slide" and its derivatives, to re-release the song listing the Plaintiff as a writer and a producer on the song and all derivatives thereof and to list the Plaintiff as a writer and a producer of the song "Slide" in all of its promotions and advertising thereof.

/ / /

/ / /

For such other and further relief as the court may deem proper.

Dated: July 24, 2020						IVIE, McNEILL, WYATT,
								PURCELL & DIGGS


								By:	*/s/ Rodney Diggs*
									Rodney Diggs
									Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury for all applicable claims.

Dated: July 24, 2020						IVIE, McNEILL, WYATT,
								PURCELL & DIGGS


								By:	*/s/ Rodney Diggs*
									Rodney Diggs
									Attorneys for Plaintiff